(No. 23693.— )

IDA BELL WHITE, Appellant, *vs.* THE CITY OF BELLEVILLE,
Appellee.

*Opinion filed December 10, 1936.*

BEASLEY & ZULLEY, for appellant.

L. N. NICK PERRIN, JR., City Attorney, (LOUIS KLIN-
GEL, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Ida Bell White brought a suit in the circuit court of
St. Clair county against the city of Belleville and two cor-
porations afterward dismissed from the suit, for personal

injuries alleged to have been sustained by her as the result of a fall upon a street in that city, which street was alleged to be out of repair. The city of Belleville by its answer denied it was negligent and disclaimed liability on account of the accident. A jury trial resulted in a verdict of guilty, and the plaintiff's damages were assessed at the sum of $6400. After the hearing of a motion for a new trial the plaintiff remitted the sum of $1400 from the amount of the verdict. Judgment was entered in favor of the plaintiff and against the defendant for $5000 and costs of suit. On appeal to the Appellate Court the judgment of the circuit court of St. Clair county was reversed without remanding. A petition for leave to appeal was allowed by this court, and the case is here for further review.

Ida Bell White, a resident of Belleville, on November 19, 1933, and previously thereto, was employed in a restaurant in that city, working during two periods of the day, from 7:00 o'clock in the morning until 1:00 o'clock and from 5:00 o'clock until 8:00 o'clock at night. After finishing her work in the evening of the date in question she departed for her home, which was north and east of the restaurant. Upon reaching Illinois street, which extends north and south, she walked north to "A" street, which extends east and west. On the southwest corner of that intersection the sidewalk had been broken and repaired, but there remained a depression in the repaired part and crevices were left by reason of detachment of the repaired part from the main sidewalk. The plaintiff claimed to have stepped into a hole at that location, fallen to the street and was injured, and brought suit for damages.

The amended complaint, in substance, charged that the city of Belleville was in control of and maintained the sidewalk in question, but that, not regarding its duty to maintain the sidewalk in a reasonably safe condition for travel, allowed the same to be and remain out of repair, worn, broken, cracked, dangerous and unsafe for travel, all of

which the defendant knew or in the exercise of ordinary care should have known; that as a consequence of the city's negligence, and as a direct and proximate result, the plaintiff, while in the exercise of ordinary care for her own safety, while walking upon the sidewalk at that place, stepped on the portion of the walk which was out of repair, broken, cracked, dangerous and unsafe for travel thereon and was thrown to the pavement and injured.

There was testimony on the part of the plaintiff which tended to show the facts previously stated herein and that the repaired part of the sidewalk slanted toward the street; that there was a depression in the walk at that point of from two to three and a fourth inches in depth; that at the edges of the break in the walk, caused by the detachment of the repaired slab from the main walk, there was a crevice sufficiently wide to permit the heel of a woman's shoe to enter. The Appellate Court's opinion states that the width of the crevice was one-fourth inch but appears to have based this statement on testimony offered on behalf of the defendant. Evidence adduced on the part of the plaintiff tended to prove a larger orifice or opening. The extent of the break and the crevice is shown by oral testimony and photographs in evidence. The plaintiff's testimony is that she walked across or upon the broken section of the walk, and as she stepped down the heel of her shoe dropped into a hole and she was thrown forward and fell upon the street. Plaintiff's exhibit 1 would indicate that there was an opening in the walk which would be susceptible of causing the accident in the manner described by the plaintiff. This, with other testimony offered on behalf of the plaintiff, constitutes substantial evidence in support of the charge in the complaint or declaration that an unsafe condition of the sidewalk existed where the accident occurred. With such evidence in the record a directed verdict would not have been proper on the ground that as a matter of law there was no actionable negligence on the

part of the city. The Appellate Court erred in holding that the case should be reversed without remanding.

When all the necessary elements of a cause of action are charged in a declaration or complaint and there is evidence in support of the plaintiff's case which, if taken as true, with all reasonable intendments therefrom most favorable to the plaintiff, tends to establish the negligence charged, the case should be submitted to a jury for its consideration. On the coming in of a verdict in such case in favor of the plaintiff the question as to the weight of the evidence is for the trial court upon a motion for a new trial. (*Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206; *Pollard* v. *Broadway Central Hotel Corp.* 353 id. 312.) Section 5 of article 2 of the constitution provides the right of jury trial. Where there is a question of fact it should be submitted to a jury unless the facts are such as to raise purely a question of law. There was evidence in the record on behalf of the plaintiff which, standing alone, under the rule already announced, would have entitled her to have the cause submitted to a jury. The action of the Appellate Court in reversing without remanding was contrary to the rule in such cases as announced by this court. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) It was within the province of the Appellate Court, however, to consider the weight of the evidence, together with any other errors that may be apparent from the record. If a verdict and the judgment of the trial court are manifestly against the weight of the evidence the Appellate Court may reverse and remand for a new trial. *Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608; *Chicago City Railway Co.* v. *Mead,* 206 id. 174.

The judgment of the Appellate Court is reversed and the cause is remanded to that court to consider other errors, if any, and thereupon to either affirm the judgment of the circuit court or reverse it and remand the cause for a new trial. *Reversed and remanded, with directions.*