JENNIE B. ECKEL, Plaintiff-Appellant, *v.* THE CITY OF SULLIVAN, Defendant-Appellee.

(No. 11355;

Fourth District—January 11, 1972.

Sims and Grabb, of Mattoon, and Allen F. Bennett, of Sullivan, (Nolan K. Sims, of counsel,) for appellant.

Craig & Craig, of Mattoon, (Richard F. Record, Jr. and Jack E. Horsley, of counsel,) for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiff sued defendant for injuries sustained from a fall alleged to have been caused by a defective city sidewalk. The trial court dismissed the complaint with prejudice, finding that there was a failure to state a cause of action and that the complaint failed to allege that notice was personally served upon the City Clerk within the language of Ill. Rev. Stat. 1967, ch. 85, par. 8—102.

There is no issue of the timeliness of the notice served, nor of the sufficiency of the information supplied as required by statute. The amended complaint sets forth in *haec verba* a notice signed by plaintiff's attorney with affidavit of service showing that such notice was deposited in the United States mail with postage prepaid and addressed to the City Clerk of the City of Sullivan, giving his address. It is further alleged that the City Clerk had no designated office, but at all relevant times resided at the stated address, and that the notice was delivered by the United States Post to the said Clerk and that he, in fact, received it. There is no denial of the several allegations.

■■ As to the issue of the sufficiency of the notice, this case is controlled by the reasoning in the recent opinion of the Supreme Court, *Reynolds v. City of Tuscola*, 48 Ill.2d 339, 270 N.E.2d 415. In that case the notice was sent by certified mail. Again, we find no contention that there was a failure to give timely notice. There, as here, it was argued that the notice was not delivered in a particular manner.

The opinion in *Reynolds* determined that the purpose of the statute here concerned was to assure timely notice of the injury, and to provide prompt investigation and disposition of claims. It approved language that the statute should be liberally construed to avoid unjust and absurd consequences, and that the statute should not be used to create pitfalls or frustrate meritorious claims. Finding that the municipality was fully advised of all particulars of the injury and was able to investigate the claim, the court held that the requirement of notice was satisfied. It reversed the order of the trial court dismissing the complaint "with prejudice".

The unchallenged allegation here is that the City Clerk had no designated office. It was literally impossible to serve the notice "(I)n the office of the Secretary or Clerk * * *." A fair inference is that the absence of an office implies an absence of office hours. It is not reasonable to conclude that the Legislature intended that claims should be

frustrated by the conditions under which the office of the City Clerk is managed.

Defendant did have timely notice of the injury and the several particulars necessary to permit investigation of the claim, and within the context and purpose of *Reynolds* the requirements of notice are satisfied.

■■ The trial court's order of dismissal included a characterization of the complaint as failing to state a cause of action, but does not specify in what particulars. Defendant's motion to dismiss asserted that the complaint showed, upon its face, that there was contributory negligence as a matter of law. It is argued that the complaint shows that plaintiff had equal opportunity to know of such condition. In *Swenson v. City of Rockford*, 9 Ill.2d 122, 136 N.E.2d 777, it was held that it is not contributory negligence as a matter of law to use a defective walk when one has knowledge of a defective condition, but that the standard of ordinary care required of plaintiff is that of the ordinarily prudent person under the same or similar circumstances. (See also *Scoggins v. Village of Hartford*, 128 Ill.App.2d 228, 262 N.E.2d 97.) The latter opinion cited *Village of Clayton v. Brooks*, 150 Ill. 97, 37 N.E. 574, which noted authority that knowledge of the defective condition will not impose a duty to use more than ordinary care under the circumstances.

The complaint made the customary and accepted allegations that plaintiff was in the exercise of ordinary care for her own safety. We do not agree with defendant's argument that plaintiff may be required to plead specific facts demonstrating freedom from contributory negligence.

■■ It is urged that the facts alleged failed to show actionable negligence on the part of the defendant, that the city is not required to maintain its sidewalks in perfect condition, and contends that the defective conditions alleged are trivial. Defendant relies essentially upon *Walter v. City of Rockford*, 332 Ill.App. 243, 74 N.E.2d 903. That opinion followed a number of early cases which had concluded that variations in elevation of two to three inches between slabs or sections of walk were not sufficient to show municipal negligence. However, *Arvidson v. City of Elmhurst*, 11 Ill.2d 601, 145 N.E.2d 105, refused to accept or follow *Walter* and its authorities, and held that a jury question was presented where the difference in elevation varied between one and two inches. The Supreme Court reversed the Appellate Court which had entered a judgment notwithstanding the verdict as to plaintiff's judgment in the trial court. *Arvidson* cited *White v. City of Belleville*, 364 Ill. 577, 5 N.E.2d 215, as holding that a jury question was presented where there is a variance in the elevations of the walk.

Here, the complaint alleged the existence of a crack and of an uneven

grade or level. Such condition was in proximity to a "flight of stairs" which appeared to be a part of the walkway. It is alleged that plaintiff ultimately fell down the stairs. The notice served upon the City and set forth in the amended complaint stated that a portion of the walk was raised one-half to one inch above the normal level of the walkway. *Arvidson* concludes that a circumstance which is sufficient to cause a person to lose his or her balance is a hazard within the reasonable contemplation of the City. When such condition exists in proximity to a flight of stairs, we cannot say as a matter of law that there is no actionable negligence.

For the several reasons stated, the judgment of the trial court is reversed and the cause is remanded with directions to deny the motion to dismiss and for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.