LUTHER REDMOND, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(Nos. 55523, 55430 cons.;

First District (5th Division)—February 23, 1973.

Arthur S. Gomberg, of Chicago, (Samuel Nineberg, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan, and Daniel Pascale, Assistant Corporation Counsel, and Thomas R. Mulroy, Jr., Senior Law Student, of counsel,) for appellee.

Mr JUSTICE ENGLISH delivered the opinion of the court:

After a non-jury judgment for $3500 in favor of plaintiff, the court allowed defendant's motion for a new trial, and on petition of plaintiff, we granted leave to appeal.

There is no dispute over the facts of the occurrence in question. On August 4, 1968, at about 2:00 P.M., plaintiff was injured when he fell on a public sidewalk at 4407 South Indiana Avenue in Chicago. He was taken to Cook County Hospital where, after a week in traction, an operation was performed on his left ankle. He remained in the hospital until August 21, 1968. He testified that his fall was caused by a broken sidewalk.

Defendant's post-trial motion alleged that it was entitled to a judgment in its favor because plaintiff's statutory notice of the accident had given his address as 4359 South Indiana Avenue, while at some points in his testimony plaintiff said he resided at 4358 South Indiana, thus rendering the notice defective; or, in the alternative, a new trial because there was insufficient evidence to establish either actual or constructive notice to the city of the defective condition in the sidewalk. In granting a new trial, the judge stated that in reviewing the evidence he had found seven references to one address and six to another, so in a new trial he would be giving the city another opportunity to put in evidence of its own as to the correct place of plaintiff's residence.

In plaintiff's brief it is principally contended that the record adequately supports the correctness of the statutory notice, and thus the judgment was well founded as originally entered.

OPINION

We, too, have reviewed the transcript and find a quite different balance in the number of discrepancies concerning plaintiff's address, but whatever inconsistencies exist in plaintiff's own testimony, they are more than outweighed by the clear and precise testimony of James Malone, plaintiff's employer, who appeared as a witness in plaintiff's behalf.

Plaintiff was a janitor's helper who had worked with Malone for six to eight years. Plaintiff was not an outstanding witness and was easily confused on cross-examination and by questions from the bench. At the hearing on plaintiff's motion to reconsider the new trial order, the judge made reference to his inabilities as a witness as well as the possible validity of his claim when he said:

"I asked a question of Mr. Redmond. I aroused the witness two times from sleep, and I asked him a question, and he gave me two answers to my last questions.  *  *  *  [B]ut I recognized the peculiarities, the senilities, the illness of the witness, Mr. Redmond.  *  *  *  If Mr. Redmond has a case, he has a case;

but I can't penalize him because I recognize his own incapability. * * * I realize the man was dozing and was aroused and gave me two different answers to the questions I put to him—but I recognize the degenerated condition of the man and he may have a good case. * * *."

Malone, on the other hand, gave precise testimony about his long relationship with plaintiff, including repeated consistent references to where they lived. Malone related that he had lived at 4359 South Indiana for 26 years; that plaintiff had had a room in his apartment at that same address for the past six years; that plaintiff had worked for him for eight years; that plaintiff was paid $180 per month and in addition was given room and board in Malone's apartment at 4359 South Indiana. One of the eight buildings in which Malone works as a janitor, assisted by plaintiff, is located across the street from his apartment at 4358 South Indiana. He testified that plaintiff had only worked at that address and had never lived there.

We believe a review of the entire record discloses that plaintiff at at times confused his place of residence with the building across the street, yet by a clear preponderance of the evidence plaintiff's place of residence at the time of the injury was shown to have been 4359 South Indiana, as stated in the statutory notice to the city. If the city itself had evidence to the contrary, it had the opportunity to present it, but not having such testimony available, or, if available, not having seen fit to introduce it, defendant's failure in this regard does not entitle it to a second chance in a new trial.

■■ The granting of a new trial, while discretionary with the trial court, is nevertheless subject to review, and we conclude that in this case there was an abuse of this discretionary authority. See *Carter v. Geeseman*, 303 Ill.App. 280, 25 N.E.2d 120.

The order of the trial court granting a new trial is reversed and the cause is remanded with directions to reinstate the judgment for $3500 in favor of plaintiff.

Reversed and remanded with directions.

DRUCKER, P. J., and LORENZ, J., concur.