MARIE MEISENHEIMER, Plaintiff-Appellant, *v.* THE CITY OF CHESTER, Defendant-Appellee.

(No. 73-80;

Fifth District—November 26, 1973.

Karns, Starnes, Nester, & Stegmeyer, of Belleville, for appellant.

Thomas E. Atchison and Don P. Koeneman, both of Chester, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff Marie Meisenheimer suffered personal injuries when she stepped into a hole in the surface of a street in Chester, Illinois. Before bringing a civil action against a local public entity, a person must serve notice under section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act, hereinafter referred to as Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—102), which provides in part:

> "Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity * * * must personally serve in the Office of the Secretary or Clerk * * * for the entity against whom * * * the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

Section 8—103 (Ill. Rev. Stat. 1971, ch. 85, par. 8—103) provides in part:

> "If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity * * * shall be dismissed and the person to whom such cause of injury [sic] accrued shall be forever barred from further suing."

Within six months from the date of the injury the plaintiff served upon the city clerk of Chester a notice of injury which specifically stated that it was submitted pursuant to section 8—102 and gave the required information, including a designation of the place or location where the accident occurred in the following words:

> "2. The accident by which I received such personal injuries occurred on the 31st day of July, 1971, at about the hour of 1:15 P.M. on Route 3 in Chester, Illinois.
> 3. Plaintiff was walking along and upon the surface of Route

3 in Chester, Illinois and stepped into an [*sic*] hole near the gutter of said roadway and sustained serious personal injury."

The City of Chester filed a motion to dismiss alleging that the designation of the place or location of the accident was insufficient to comply with the provisions of section 8—102 and that "from the disclosure of the place or location contained in the notice of injury it is utterly impossible for the City of Chester to determine the place or location where the accident occurred." The plaintiff offered to prove that the City had had actual notice of the location and that the City's chief of police had made an actual examination of the location of the fall two or three days after the accident and took photographs of the alleged defect, and further that the plaintiff had on frequent occasions before serving the notice discussed her claim with the city attorney. The trial court entered an order granting defendant's motion to dismiss, finding that the designation of the place or location of the injury was insufficient to comply with the requirements of section 8—102 because Route 3 traverses the entire length of the City of Chester, and plaintiff appeals. We reverse the order of the trial court dismissing plaintiff's complaint and remand the cause.

■■ Although defendant cites many older cases which held that statutes requiring the giving of notice to municipalities are strictly construed, in our opinion the law in this regard was changed by and is now controlled by the decision in *Reynolds v. City of Tuscola* (1971), 48 Ill.2d 339, 270 N.E.2d 415. There the notice was technically defective because it had been served by registered mail although section 8—102 requires personal service, and the action would have been barred under the traditional rule of strict construction. The court rejected the rule of strict construction upon the following rationale:

"In *People ex rel. Cason v. Ring*, 41 Ill.2d 305, we held that an act of the legislature would not be construed so as to lead to absurd, inconvenient or unjust consequences and that a construction would be adopted which it was reasonable to presume was contemplated by the legislature. * * * Recently, in *King v. Johnson*, 47 Ill.2d 247, we noted: 'The purpose of this statute is to furnish timely notice of injury so that there can be an investigation and a prompt settlement of meritorious claims. * * *'" (47 Ill.2d at 250-251.) In consideration of this statute we are also guided by the fact that the Local Governmental and Governmental Employees Tort Immunity Act is in derogation of the common-law action against local public entities and must, therefore, be strictly construed against the local public entity. In *McComb v. City of Chicago*, 263 Ill. 510, the court inferentially

approved a decision of a foreign jurisdiction hold that such a statute should be liberally construed and should not be used as a stumbling block or pitfall to prevent recovery by meritorious claimants.

\* \* \*

Here, the City of Tuscola was in fact notified of all the particulars involving the accident within the six-month limitation. Upon notification, the City was in a position to investigate the claim while the surrounding conditions were fresh, and to effect settlement if the claim was found to be meritorious. Where, as here, there is service by registered mail, return receipt requested, and it can be shown that the local public entity did, in fact, have notice of the injury and the other particulars, we believe that the requirement of 'personally serving' has been satisfied through the agency relationship. A liberal interpretation of the statute is necessary because of its position in relation to the common law and because a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences. Under these circumstances we adopt a construction which it is reasonable to presume was contemplated by the legislature." 48 Ill.2d at 342-343.

By grounding the decision in part on the fact that the Tort Immunity Act is in derogation of the common law action against local public entities and must be strictly construed against the local public entity, the *Reynolds* decision outmodes cases decided before the 1965 enactment of the Tort Immunity Act. In our opinion, the language of *Reynolds* is plain and unambiguous in requiring a liberal interpretation of the notice statute, as evidenced by such recent decision as *Helle v. Brush* (1973), 53 Ill.2d 405, 292 N.E.2d 372; *Eckel v. City of Sullivan* (1972), 3 Ill.App.3d 342, 277 N.E.2d 890; and *Klein v. City of Chicago* (1973), 10 Ill.App.3d 670, 294 N.E.2d 755. We are aware that two appellate cases have followed the old rationale of strict construction which was overruled in *Reynolds*. These cases are *Rapacz v. Township High School District No. 207* (1971), 2 Ill.App.3d 1095, 278 N.E.2d 540, which did not discuss and perhaps was unaware of *Reynolds*; and *Ramos v. Armstrong* (1972), 8 Ill.App.3d 503, 289 N.E.2d 709, which followed the old rationale of strict construction which was overruled in *Reynolds*. In our opinion these appellate cases are in direct conflict with the Illinois Supreme Court decision in *Reynolds* and are not persuasive authority.

■■ This case presents even stronger reasons that *Reynolds* for holding the notice sufficient. In *Reynolds* the notice was violative of the language of the statute, whereas here the notice was within the literal language

of the statute. The City of Chester had both written (if incomplete) and actual notice of the location of the accident. We therefore hold that the notice of injury was sufficient to comply with section 8—102.

The judgment of the circuit court of Randolph County is reversed and this cause is remanded with directions to reinstate the complaint and for further proceedings consistent with this opinion.

Reversed and remanded.

CREBS and JONES, JJ., concur.