CARMEN ZAVALA, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division)   No. 61026

Opinion filed August 24, 1976.

JIGANTI, J., dissenting.

Goldman and Hesser, of Chicago (Dennis Hesser, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Assistant Corporation Counsel, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

On November 12, 1971, plaintiff, Carmen Zavala, brought this action against defendant, the city of Chicago, to recover for personal injuries allegedly sustained in a fall on a city sidewalk on December 12, 1970. The trial court ultimately dismissed the action on defendant's motion because plaintiff had failed to state the names and addresses of the treating hospitals in her notice to defendant as statutorily required by section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102.) Plaintiff challenges the correctness of the trial court's ruling.

Attached to the complaint in this case was a notice served on May 11, 1971, five months after the occurrence, upon the city clerk of Chicago. The notice did not state the name and address of any treating hospital. On December 9, 1971, defendant filed interrogatories inquiring whether plaintiff had been a patient or outpatient in any hospital or clinic and

requesting the name and address of each, their bills, and the inclusive dates of services. The record contains no answer by plaintiff to these interrogatories. On May 9, 1974, defendant moved to dismiss on the ground that, at her discovery deposition on January 3, 1974, plaintiff had stated that after the accident she was taken to Mount Sinai Hospital and subsequently went to St. Mary of Nazareth Hospital. Since plaintiff had failed to state the names and addresses of these two treating hospitals in the statutory notice, defendant urged that the notice was fatally defective, thereby requiring dismissal of the complaint. (Ill. Rev. Stat. 1969, ch. 85, par. 8—103.) Plaintiff filed objection to this motion predicated on the ground that the hospitals were not "treating" hospitals and that failure to list them did not hamper the defense because the bills were for outpatient services only and the services rendered totalled about $150. Plaintiff also claimed that the police report, which was readily available to defendant by way of discovery, indicated plaintiff had been "removed to Mount Sinai."

In its dismissal order the trial court specifically relied on *Saragusa v. City of Chicago*, 18 Ill. App. 3d 945, 310 N.E.2d 849. The plaintiff in *Saragusa* was injured on April 20, 1970 and she served the city with a written notice of claim two months thereafter. She filed her complaint on September 21, 1970, within six months. At the time the case was called for trial, defendant moved to dismiss on the ground plaintiff had omitted the name of the treating hospital from her statutorily required notice. The trial court denied the motion and proceeded to trial which resulted in a judgment for plaintiff. The appellate court reversed, holding that plaintiff's failure to state the name and address of the treating hospital as required by the 1969 amendment to section 8—102 rendered the notice fatally defective.

■■ The supreme court reversed the appellate court judgment, (*Saragusa v. City of Chicago*, 63 Ill. 2d 288, 348 N.E.2d 176.) It agreed that the notice was defective but held that dismissal of the complaint was not warranted, stating:

> "We are inclined to believe that if any effect is to be given the 1969 amendment to section 8—102, the plaintiff's notice cannot be deemed to comply with that section. We hold, however, that the claimed deficiency in the notice did not warrant the dismissal of the plaintiff's complaint since the complaint itself was also filed within six months of the injury for which recovery was sought." 63 Ill. 2d 288, 292-93.

The supreme court reasoned that because present Illinois discovery procedures allow a defendant who has appeared or answered to commence inquiry into the relevant facts by serving interrogatories, the

defendant in *Saragusa* might well immediately have obtained the information specified, but completely omitted in the statutory notice, by means of such interrogatories. The supreme court pointed out that, where the plaintiff files the complaint within the six-month period, the city has as much time to investigate the claim by using interrogatories and other means as if proper notice had been filed within the six-month period. Reading the notice provisions together with the statute of limitations provisions of the Local Governmental and Governmental Employees Tort Immunity Act, the court concluded that "the filing of suit within the six-month period cured the defect in the notice." 63 Ill. 2d 288, 294.

■■ Applying the reasoning of *Saragusa* to the facts in the case at bar, it is apparent that the statutorily required notice was defective. But, unlike *Saragusa*, the present plaintiff did not file suit within six months of the date of the injury. Thus, the holding in *Saragusa* is not available to the present plaintiff. As the supreme court noted in *Saragusa*, defendant could not initiate its discovery procedures until after plaintiff had filed her complaint and defendant had filed an appearance or answer. In fact, the record here reveals that on December 9, 1971, less than a month after the complaint was filed, defendant did file interrogatories inquiring if plaintiff had been a patient or an outpatient in any hospital or clinic, but the record does not indicate that any answers to these interrogatories were filed by plaintiff. Thus, in this case it cannot be said that the present pretrial discovery techniques afforded the city "an adequate alternative method of obtaining notice of the basis" of plaintiff's claim. *Saragusa v. City of Chicago*, 63 Ill. 2d 288, 295.

■■ Plaintiff argues further that the contact she had with two hospitals involved here, as compared to the six weeks of hospitalization concerned in *Saragusa*, was not such as to make them "treating" hospitals within the meaning of the statute. However, a similar contention was rejected by this court in *Bickel v. City of Chicago*, 25 Ill. App. 3d 684, 688, 323 N.E.2d 832. Although the treatment rendered here was on an outpatient basis in both hospitals, and the amounts were relatively small, both hospitals were "treating" hospitals within the meaning of the statute.

■■ Plaintiff next contends the notice was in substantial compliance with the statute because she provided the omitted information to the city prior to trial, at her discovery deposition. However, the statute provides that such information is to be served within six months of the date of the injury. Plaintiff has not cited any authority to the effect that providing the specified information at a discovery deposition more than three years after the date of the injury would be sufficient. In *Housewright v. City of LaHarpe*, 51 Ill. 2d 357, 361, 282 N.E.2d 437, the Supreme Court found that the Local Governmental and Governmental Employees Tort

Immunity Act was unambiguous and clearly expressed the legislative intent that the local public entity be given the information in writing and "within the time provided."

■■ Finally, plaintiff argues it would be "unjust" to deprive her of her cause of action because defendant had available to it every means of discovery as well as Chicago Police Department records containing a notation that she was treated at Mount Sinai Hospital on the day of the injury. It has already been stated that defendant could not initiate discovery until after suit was filed and defendant had answered or filed an appearance. Defendant promptly initiated discovery procedures, including the filing of interrogatories less than one month after suit was filed. These interrogatories specifically requested information concerning hospitalization of plaintiff in connection with this injury and the record does not show that plaintiff ever answered these interrogatories.

■■ Moreover, it should also be noted that the record on appeal does not show that the city had actual knowledge that plaintiff had been treated at a hospital prior to her discovery deposition on January 3, 1974. However, even if it were to be assumed that defendant knew plaintiff was "removed to Mount Sinai" as the police report indicates, it does not follow that plaintiff is relieved from complying with the statutory notice provisions. Actual notice of the information required by statute is not sufficient compliance with the statute. (*Housewright v. City of LaHarpe*, 51 Ill. 2d 357, 361, 282 N.E.2d 437; *Repaskey v. Chicago Transit Authority*, 60 Ill. 2d 185, 188, 326 N.E.2d 771.) The trial court did not err in dismissing the complaint because plaintiff failed to serve the city with proper notice of her claim. We affirm.

Affirmed.

HAYES, J., concurs.

Mr. JUSTICE JIGANTI, dissenting.
On the date of the occurrence Carmen Zavala was taken immediately to Mt. Sinai Hospital. She had X rays, her leg was casted and she was released within six hours. After seeing her doctor two or three days later she was referred to St. Mary's Hospital where she had X rays, had her cast removed and was treated on an outpatient basis. These were her only contacts with any hospital as a result of this occurrence. The notice to the city was filed within five months. The name of Mt. Sinai Hospital was on the police report filed by a policeman of the city of Chicago. In *Saragusa*, the plaintiff similarly failed to give the name and address of the treating hospital. As the majority opinion here noted, the supreme court found that the notice was defective under the provisions of the statute.

However, the supreme court in *Saragusa* held that the "claimed deficiency in the notice did not warrant dismissal of the plaintiff's complaint since the complaint itself was also filed within six months of the injury for which recovery was sought." (63 Ill. 2d 288, 292-93.) The court reasoned that the statutory notice provision had to be read in conjunction with section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act, which provides for a shorter limitation period than is ordinarily the case in a personal injury action. The supreme court said the common purpose of the notice and limitations provisions was to provide for early investigation into the asserted claim while the matter was still fresh and the witnesses were available and the conditions had not materially changed. The court further commented that when suit was filed the city could propound interrogatories which could give more complete information than was called for under the statutory notice provision.

In another recent case involving interpretation of the notice provision of the statute, *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415, the plaintiff served notice on the defendant by registered mail addressed to the city clerk. The notice provision provided that plaintiff "must personally serve" the clerk. The supreme court said they would not read the statute to require unjust consequences. It would look to the legislative intent. They found the legislative intent was to give the defendant timely notice so there could be an investigation and prompt settlement of meritorious claims. Further, this information was necessary in order for a taxing body to prepare its budget. Since the Local Governmental and Governmental Employees Tort Immunity Act is in derogation of the common law it must be strictly construed against the public entity. The court concluded that the city of Tuscola was in fact notified of all the particulars involving the accident within the six months and that the city was in a position to investigate the claim while the surrounding conditions were fresh and to effect the settlement if the claim was found to be meritorious. The supreme court noted that a liberal interpretation of the statute was necessary because of its position in relation to the common law and because a more restrictive interpretation would lead to absurd, inconvenient and unjust consequences.

I do not read *Saragusa* to say that a suit within six months is the only way to cure the defect under the circumstances presented in that case. In *Saragusa* there was a defect and it was a substantial one because the hospitalization was for approximately eight weeks. In the case at bar, the plaintiff was never hospitalized and the treatment she received at the hospital was relatively insubstantial. The notice that was given satisfied all of the purposes to be served by the filing of the notice as found by the supreme court in both *Reynolds* and *Saragusa*. Knowledge of the hospital

aids a defendant very little absent a lawsuit because a defendant is not in a position to subpoena the records from the hospital. Due to the confidential nature of the communications between the patient and the hospital, very little discovery can be had without a subpoena.

I believe that the city of Chicago received all of the information that was necessary under the statute. The information that was not received was insubstantial. It would not in any way have accomplished any of the goals that the supreme court found the statute was intended to promote. Considering that a liberal interpretation of the statute is mandated I would reverse the dismissal.