(No. 48953.-

CARMEN ZAVALA, Appellant, v. THE CITY OF CHICAGO, Appellee.

*Opinion filed May 20, 1977.*

Goldman and Hesser, of Chicago (Dennis Hesser, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel) for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Prior to October 10, 1969, section 8–102 of the Local Governmental and Governmental Employees Tort Immunity Act did not require that a claimant provide the name and address of the treating hospital or hospitals. Effective that date, however, the section was amended to so require. (Ill. Rev. Stat. 1969, ch. 85, par. 8–102.) Section 8–103 of that act provides, in pertinent part:

"If the notice under Section 8–102 is not served as provided therein, any such civil action commenced against a local public entity *** shall be dismissed and the person to whom such cause of injury [sic] accrued shall be forever barred from further suing." Ill. Rev. Stat. 1969, ch. 85, par. 8–103.

The notice which plaintiff, Carmen Zavala, served

upon the defendant, the city of Chicago (City), did not contain the names or addresses of two hospitals in which she received care for the claimed injury. The circuit court of Cook County dismissed plaintiff's complaint for failure to comply with the statutory notice provision, and the First District Appellate Court affirmed (41 Ill. App. 3d 718).

The plaintiff was allegedly injured on December 12, 1970, when she fell on a city sidewalk. Notice of the injury was served on the City within the then-applicable six-month statutory notice period. (Ill. Rev. Stat. 1969, ch. 85, par. 8—102.) On November 12, 1971, within the then-applicable one-year statute of limitations, the plaintiff's complaint was filed. The City's interrogatories, filed on December 9, 1971, asked for information regarding any treating hospitals, but the record does not indicate—and the plaintiff does not claim—that these interrogatories were answered by plaintiff. The City asserts that it was not until January 3, 1974, while taking plaintiff's deposition, that it learned the plaintiff was treated subsequent to her accident at Mt. Sinai Hospital and St. Mary of Nazareth Hospital.

In the trial court, the plaintiff argued that the above hospitals were not "treating hospitals" within the meaning of the statute because plaintiff received only outpatient services therefrom. This issue was resolved adversely to the plaintiff by the trial court, and was not reasserted before the appellate court or this court. Instead, plaintiff asks this court to hold that the notice given constituted substantial compliance with the Act. This contention is without merit. In *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 292, this court held, with regard to the same statutory provision, that a notice which failed to list the treating hospitals and their addresses could not be deemed to comply with that section. The conclusion reached therein is not altered by the existence in this case of a city of Chicago police report of the accident which indicated that

the plaintiff was taken to Mt. Sinai Hospital. Assuming *arguendo* that the mere existence of such report would satisfy the statutory notice requirement with regard to Mt. Sinai Hospital, it clearly could not suffice as to the second hospital in which the plaintiff received care.

The plaintiff next asserts that the statutory requirement should be construed against the City so as to avoid absurd, inconvenient and unjust consequences. In this regard, plaintiff argues that the information not received by the City was insubstantial in that she was treated only briefly at each of the subject hospitals on an outpatient basis, and the resulting hospital charges were less than $150. She further argues that the City was not, in any event, prejudiced by the failure to include the names of the hospitals because discovery in Illinois cannot be initiated until the filing of the complaint.

In *Saragusa,* the plaintiff's notice, which lacked the names of the treating hospitals, was held defective under the terms of the statute. This court held, however, that the claimed deficiency in the notice did not warrant the dismissal of the plaintiff's suit. That holding reasoned that the plaintiff there had filed suit within the six-month statutory notice period, thus making available to the defendant, within the statutory notice period, the full range of pretrial discovery. The court noted: "The information bearing on the defendant's liability which may be obtained in this manner will be more complete than what would be obtained under the limited and generalized specifications called for in the statutory notice. *** [T]he filing of a complaint within the six-month period affords as much time to investigate the claim as the defendant would have if the notice had been filed within that period. We thus conclude that the filing of suit within the six-month period cured the defect in the notice." (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293-94.) Shortly thereafter, in *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, this court expanded the discovery rationale of

*Saragusa* and held that the filing of the complaint within the six-month period satisfied the notice requirement. In *Dunbar,* no separate notice was filed, but the complaint itself was filed within one month of the time the cause of action accrued. Here, to the contrary, the suit was not filed until well after the expiration of the six-month statutory notice limit, and such filing clearly cannot be deemed to have provided the fair equivalent. It is to be noted in this regard that, although the defendant had promptly initiated discovery by interrogatories to plaintiff within one month after the filing, the record does not reveal that the information omitted from the statutory notice was provided in response to the interrogatories.

This is not a case such as *Saragusa, Dunbar,* or *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, in which this court was required to construe the statute so as to avoid absurd, inconvenient and unjust consequences.

Here, discovery was not available to the City within the six-month period. We recognize that the information required by the statute (and omitted by plaintiff) is not as comprehensive as that which could be obtained under our discovery rules after the filing of the complaint. However, even the minimal, omitted information could be necessary to the defendant in its preliminary assessment of its potential extent of liability for an injury. As was observed in *King v. Johnson* (1970), 47 Ill. 2d 247, 251: "Local public entities, unlike the private or corporate individuals, must determine their budgets in advance for taxing purposes. Knowing within a reasonable length of time the approximate number of claims against them, facilitates this operation." This reasoning is, of course, equally applicable in the situation where a public entity must prejudge the extent of its liability in an individual case.

We hold that plaintiff's failure to include the names and addresses of the treating hospitals within the statutory notice constituted a failure to comply with requirements of section 8—102 of the Act (Ill. Rev. Stat. 1969, ch. 85,

par. 8—102). Plaintiff did not cure the defect by filing a complaint within the six-month statutory notice period. Therefore, the dismissal of the complaint was required under section 8—103 of the Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—103). To hold otherwise would be a "judicial nullification of *** a clearly expressed legislative mandate." *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 344 (Underwood, C. J., dissenting).

The judgment of the appellate court is affirmed.

*Judgment affirmed.*