CHARLOTTE STINNETTE, Plaintiff-Appellant, v. THE CITY OF ROCKFORD, Defendant-Appellee.

Second District   No. 77-119

Opinion filed July 12, 1978.

GILL, Judge, presiding.

Speizer & Thorsen, of Rockford, for appellant.

Stephen W. McCarty, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

On September 15, 1975, the plaintiff fell in a hole in the sidewalk at 425 W. State Street in the city of Rockford. On May 24, 1976, notice was given to the city of Rockford pursuant to the provisions of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 8—102). On September 23, 1976, plaintiff filed the instant complaint against the city of Rockford. On September 29, 1976, the city of Rockford filed a motion to dismiss the complaint solely for failure to state the street number of the plaintiff in the notice to the city, and on November 18, 1976, the trial court dismissed the complaint on this ground.

The sole issue in this case is whether or not the omission of the number on Henrietta Avenue in the street address of the plaintiff is a fatal defect in the notice to the city which, under the provisions of section 8—102 requires notice of the "name and residence of the person injured." The notice in this regard reads as follows:

"2. Name and address of the person injured—Charlotte Stinnette, Henrietta Avenue, Rockford, Illinois."

The record does not disclose whether there are in fact numbers used or assigned on Henrietta Avenue.

■■ The plaintiff herein concedes that where there is a complete omission of one or more of the required elements of statutory notice under section 8—102, the notice is defective. (*Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848.) *Ramos v. Armstrong* (1972), 8 Ill. App. 3d 503, 289 N.E.2d 709, which has been cited to us by defendant, clearly falls in this class of cases involving total failure to include one or more of the required elements in the notice. These cases are not applicable to the factual situation before us.

Many other opinions have been written concerning the requirements of section 8—102 and we will not attempt to discuss all of them. However, we note that there is a seeming inconsistency in the decisions of our courts relative to compliance with the notice provisions of section 8—102.

In 1909 the Supreme Court of Illinois held that statutes requiring the giving of notice to municipalities were to be strictly construed. (*Ouimette v. City of Chicago* (1909), 242 Ill. 501, 90 N.E. 300.) A number of later cases seem to follow the same approach with *Rapacz v. Township High*

*School District No. 207* (1971), 2 Ill. App. 3d 1095, 278 N.E.2d 540, being one of the most recent such cases. *Redmond v. City of Chicago* (1973), 10 Ill. App. 3d 567, 294 N.E.2d 761, which was also cited by defendant, is arguably in this category. In that case there was a conflict of testimony as to whether the plaintiff resided at the address stated in his statutory notice or across the street. Nonetheless, the court actually held that the clear preponderance of the evidence was that plaintiff resided at the address given in the statutory notice. The court there further noted that if the city had any evidence to present to the contrary it had the opportunity to do so at trial and that failure to do so would not entitle the city to a second chance to present such evidence at a new trial. We do not find *Redmond* to be controlling, however.

The other line of cases involving section 8—102 adopts a liberal construction of the notice requirements for the purpose of avoiding absurd results and further notes that the statutory requirements should not be used as a stumbling block to prevent recovery by meritorious claimants. One of the first such cases was *McComb v. City of Chicago* (1914), 263 Ill. 510, 105 N.E. 294. There is an excellent summary of the cases taking this position in *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 323 N.E.2d 832, and we will not attempt to repeat it. We believe that the following statement from *Bickel* aptly states the present trend of authority relative to the sufficiency of notice under section 8—102:

> "Where the particular element as set forth is reasonably sufficient to fulfill the requirements of the statute and where the public entity has not been misled or prejudiced thereby, the notice itself is sufficient." 25 Ill. App. 3d 684, 692, 323 N.E.2d 832, 838.

The case which is probably most similar to the one before us is *Meisenheimer v. City of Chester* (1973), 15 Ill. App. 3d 1088, 305 N.E.2d 322. At issue therein was the statutory requirement for notification of the place of injury. The notice stated that the injury occurred "upon the surface of Route 3 in Chester, Illinois." The appellate court held that this was sufficient even though Route 3 traverses the entire length of the city of Chester. In this case the record before us does not indicate the length of Henrietta Avenue and, in fact, does not even disclose whether plaintiff's residence on that street actually has a number. It is unquestioned that plaintiff did in fact live on Henrietta Avenue and that mail addressed to her using merely the street name was received by her. We find nothing in the instant case which indicates that the city was or is in any way prejudiced by the omission of a street number in the plaintiff's address, if in fact there is such a number.

■■ ■ We further adhere to the liberal construction policy as to the notice requirements. We do not infer, nor do we hold that the complete omission of one of the notice requirements under section 8—102 would

not be proper grounds for dismissal upon motion. However, in the instant case we find that the notice given sufficiently complied with the requirement of disclosure of the injured person's residence. We therefore reverse and remand.

Reversed and remanded.

WOODWARD and BOYLE, JJ., concur.