PATRICIA MOUNCE, Plaintiff-Appellant, *v.* THE CITY OF LINCOLN, Defendant-Appellee.

Fourth District   No. 14913

Opinion filed October 6, 1978.

Jerome Mirza and Associates, Ltd., of Bloomington (David V. Dorris, of counsel), for appellant.

Warren Peters, of Lincoln, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

On March 27, 1974, plaintiff, Patricia Mounce, suffered personal injuries when she stepped into a hole in the surface of a public parking lot in the City of Lincoln. On September 10, 1974, plaintiff served the City with a written notice pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 8—102), which provides:

"Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

In addition, section 8—103 of the Act states:

"If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." (Ill. Rev. Stat. 1973, ch. 85, par. 8—103.)

The notice served by the plaintiff, however, failed to state the general nature of the accident or the name and address of the treating hospital as required by section 8—102 of the Act.

On August 25, 1975, a complaint was filed by the plaintiff in the circuit court of Logan County. Plaintiff's original complaint, as first amended,

was dismissed by the court with leave granted to file a further amended complaint. Plaintiff filed a second amended complaint reciting that not only was defendant served with the required statutory notice, but that defendant also knew of all the facts surrounding the incident and had personal notice of the treating hospital. Plaintiff subsequently filed an affidavit alleging that within a week of the incident, she made telephone calls to two aldermen and the mayor of Lincoln informing them of the circumstances of her injuries and of her treatment at Abraham Lincoln Memorial Hospital. In addition, plaintiff stated in her affidavit that she spoke by telephone with an employee of the city attorney of Lincoln, telling this person of the nature of the accident and where plaintiff had been treated. Plaintiff further alleged in her affidavit that she had a telephone conversation with an employee of the city clerk's office during which she described the circumstances of her injury and where she had been treated. Plaintiff's husband also filed an affidavit detailing his conversation with a police officer on the date of the incident and stated that he was later told by this officer that the hole in the parking lot had been repaired.

The trial court denied the defendant's motion to dismiss the second amended complaint and ordered that an answer be filed. The defendant filed an answer and also responded to interrogatories, wherein it admitted that two aldermen and the mayor of Lincoln spoke with the plaintiff about the incident. The defendant thereafter filed a motion for judgment on the pleadings. The trial court entered an order granting judgment for the defendant, finding that the notice served pursuant to section 8—102 of the Act failed to state the name and address of the treating hospital, and that the complaint was filed after the 1-year limit for serving notice.

The issue presented for review is whether the omission of required elements in a written notice pursuant to section 8—102 of the Act may be cured by a timely actual notice of those elements to agents of the local public entity.

■■ We note initially that the Local Governmental and Governmental Employees Tort Immunity Act is in derogation of a common law action against public entities and therefore must be strictly construed against the local public entity. (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415.) However, the purpose of section 8—102 of the Act is to furnish timely notice of injury so that there can be an investigation by the municipality and a prompt settlement of those claims deemed to be meritorious, and also to afford the public entity notice of possible liability so that budgetary provisions may be knowledgeably arranged. *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293, 348 N.E.2d 176; *King v. Johnson* (1970), 47 Ill. 2d 247, 250-51, 265 N.E.2d 874.

In *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 282 N.E.2d

437, the plaintiffs failed to allege in their amended complaint that notices were given the defendant city pursuant to section 8—102 of the Act. The plaintiffs sought to avoid the effect of section 8—103 of the Act by alleging facts to show that the defendant city had actual notice of all the information required by section 8—102 to be contained in the notice. In rejecting the plaintiffs' argument, the supreme court stated:

"Section 8—102 is unambiguous and clearly expresses the legislative intent that a local public entity be given certain information, in writing, within the time provided, and we hold that the allegation of actual notice does not satisfy the statutory requirement of written notice." 51 Ill. 2d 357, 361, 282 N.E.2d 437.

In *Repaskey v. Chicago Transit Authority* (1975), 60 Ill. 2d 185, 326 N.E.2d 771, the plaintiff failed to file the notice required by statute, but argued that she substantially complied with the statute when she gave the necessary information in a sworn statement to an agent of the city following the incident. Relying on *Housewright*, the supreme court held that actual notice to an agent does not satisfy the statutory requirement, as prescribed by the General Assembly.

A case similar to the instant case was recently considered by the supreme court in *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848. There, the plaintiff filed a notice pursuant to section 8—102, but failed to include in the notice the names or addresses of two hospitals in which she received care for the claimed injury. Plaintiff contended that the notice given constituted substantial compliance with the Act. Despite the existence of a report on file in the Chicago Police Department of the accident indicating one of the treating hospitals, the supreme court held that plaintiff's failure to include the names and addresses of the treating hospitals within the statutory notice constituted a failure to comply with the requirements of section 8—102.

■■ In view of the above authority, we conclude in the instant case that plaintiff's failure to include the general nature of the accident and the name and address of the treating hospital in the written notice failed to satisfy the clearly expressed requirements of section 8—102 of the Act. Such omissions were not cured by any actual notice given to agents of the defendant.

Accordingly, the order of the circuit court of Logan County granting judgment on the pleadings in favor of the defendant is affirmed.

Affirmed.

CRAVEN and MILLS, JJ., concur.