H. WINTER METAL COMPANY, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—3025

Opinion filed May 9, 1986.

Robert J. Kopka and William S. Wigoda, both of Conklin & Adler, Ltd., of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein, and Maureen Kelly Ivory, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff, H. Winter Metal Company, from a trial court decision granting the defendant city of Chicago's motion for summary judgment. The motion was predicated on an asserted defective notice of claim filed by plaintiff pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102).

On July 20, 1982, plaintiff filed a complaint in tort against the city of Chicago and one of its drivers seeking damages for the alleged negligent driving of a semi-trailer so that it turned over and fell upon plaintiff's building, thereby damaging it. The date of the occurrence was June 10, 1981. On December 4, 1981, plaintiff mailed to the city clerk the following notice:

"Pursuant to Ill. Rev. Stat. ch. 85, section 8-102 we are hereby notifying you that our client, H. Winter Metal Company, Inc. and its subrogee, the International Insurance Company will bring a civil action against the City of Chicago and its employee, Thomas R. Hnatusko, for damages arising out of the occurrence hereinafter set forth. On or about June 10, 1981 at approximately 1:00 p.m., a City of Chicago truck

driven by Mr. Hnatusko, while in performance of his duties as a City employee, collided with the building owned by H. Winter Metal Company, Inc. As a result of the collision, our clients incurred great expense in repairing the building and were damaged thereby. Accordingly, our clients will bring an action against the City of Chicago and Thomas Hnatusko."

The statutory provisions relating to injury claims require a notice to be sent to the city within six months from the date of the injury or cause of action. The notice must give, among other information, "the place or location where the accident occurred." (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) Since the above notice filed by plaintiff did not state the location of the damaged building, the city moved for summary judgment which was granted by the trial court. Also, section 8—103 of the statute provides that the effect of a failure to serve notice as provided under section 8—102 is a dismissal and bar to the action. Ill. Rev. Stat. 1981, ch. 85, par. 8—103.

The city contends that the "place and location" of the accident is an essential element of the notice required by section 8—102 involving actions against local public entities. (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) Therefore, it argues that plaintiff's omission thereof is fatal to its cause. Plaintiff, on the other hand, argues that there is still life in its cause despite the failure to set out the specific location of its building allegedly damaged by the city employee. Plaintiff claims that there is sufficient information in the notice to allow city employees, by the exercise of reasonable diligence, to locate where the accident occurred.

Two days after the accident, the involved driver, Thomas R. Hnatusko, filed a report with his employer, the city department of streets and sanitation. This report described the accident as occurring in an "alley at 3333 S. Pulaski at or near the intersection of a rear service road." Mr. Hnatusko also drew a map of the accident scene. An accident report made out by the investigating police officer describes the location as the "west side of 35th street on a private road, not at intersection at 3930 on private property." The police report also contained a diagram. Additionally, city investigators immediately went to the accident scene and took several photographs of the truck still imbedded in the side of plaintiff's building. These reports and photographs are contained in the city's investigation file.

The city contends that the accident and police reports do not cure the defect. We note here that the statute requires a place or location in the notice, not a place and location as stated by defend-

ants. (See Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) The city relies on *Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 470 N.E.2d 1172, and *Zavala v. City of Chicago* (1976), 41 Ill. App. 3d 718, 354 N.E.2d 398, *aff'd* (1977), 66 Ill. 2d 573, 363 N.E.2d 848. Both cases hold that information obtained from collateral sources does not satisfy the statutory requirement of written notice.

However, in its reliance on *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415, plaintiff argues that a court should liberally construe the notice statute in favor of injured parties. Plaintiff also contends that the notice did identify in substance the place or location where the accident occurred.

The supreme court in *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848, in its affirmance of the appellate court decision, distinguished the case of *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415, from the cases of *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176 and *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89, indicating that in the latter two cases the filing of a complaint within the six-month period where the complaint contained the required information satisfied the notice provisions of section 8—102 when courts' discovery rules are taken into consideration. In *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415, the plaintiff had served the city with the notice required by section 8—102 by registered letter, return receipt requested. The *Reynolds* court held that this type of service met the requirement to "personally serve" imposed by the statute. To hold otherwise, the court concluded, would produce an absurd result since the statute does not specify who is to be served, only that notice be personally served in the office of the secretary or clerk for the entity. Ill. Rev. Stat. 1981, ch. 85, par. 8—102.

The purpose of the timely notice requirement is to allow an investigation and prompt settlement of meritorious claims. (*King v. Johnson* (1970), 47 Ill. 2d 247, 265 N.E.2d 874.) The obvious purpose of requiring a specification of the location of the occurrence, particularly in property damage situations, is to permit the city to investigate and assess the amount of damage. As the court indicated in *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848, public entities, unlike private corporations, must determine their budgets in advance for taxing purposes. A six-month delay in obtaining knowledge of the damage done to a building could prove costly to a municipality. Particularly this is true in a city of the size of Chicago.

■ The fact that the city allegedly had actual notice does not

satisfy the statutory requirement of section 8—102. (*Mounce v. City of Lincoln* (1978), 64 Ill. App. 3d 461, 381 N.E.2d 421.) However, when notice is given pursuant to the statutory requirement, the statute being in derogation of the common law must be strictly construed against the local public entity. (*Reynolds v. City of Tuscola*, (1971), 48 Ill. 2d 339, 270 N.E.2d 415.) With respect to where the accident occurred, the statute requires only that the "place or location" be specified. It does not require the name and address of where the accident occurred as it does in personal injury cases regarding the treating physician or treating hospital. Ill. Rev. Stat. 1981, ch. 85, par. 8—102.

The pertinent provisions of the statute read that the notice must give, in substance, the following:

> "[T]he name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hours of the accident, *the place or location where the accident occurred,* the general nature of the accident, *the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."* (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.)

It is to be noted that in the notice involved in this case, the notice states with respect to location or place, "while in performance of his duties as a city employee collided with a building owned by H. Winter Metal Company, Inc."

In *Greene v. City of Chicago* (1976), 48 Ill. App. 3d 502, 363 N.E.2d 378, *aff'd* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205, this court held a notice sufficient that identified the place where the accident occurred as 105th and Wentworth, when in fact, the accident occurred one block away. The court in *Meisenheimer v. City of Chester* (1973), 15 Ill. App. 3d 1088, 305 N.E.2d 322, reversed a trial court's decision to the contrary and held sufficient a notice that described the location of the accident therein as Route 3 in Chester; Route 3 actually ran the entire length of the City of Chester. Additionally, in *Brooks v. City of Chicago* (1982), 106 Ill. App. 3d 459, 435 N.E.2d 1182, this court affirmed a trial court's determination that a notice was sufficient where it stated that the accident occurred "at or near the public sidewalk," rather than on the street where the accident did in fact occur. In *Greene v. City of Chicago* (1976), 48 Ill. App. 3d 502, 511, 363 N.E.2d 378, 386, the court said:

> "In the case at bar, the City had actual notice that the accident occurred at 104th Street from police reports which re-

corded the facts of the mishap. With these reports and by the exercise of some diligence the defendant was able adequately to investigate the accident. Plaintiff's written notice and the fact that the City had actual notice of the place of occurrence demonstrate substantial compliance with the statute on the part of the plaintiff. [Citations.]"

Similarly, in the present case, plaintiff's notice describes the location as "building owned by H. Winter Metal Company, Inc." The accident report filed by the city's driver two days later described the location as "3333 S. Pulaski at or near intersection rear service road." The Chicago police report written by officers called to the scene describes the location as "west side 34th St. Private Road not at intersection." In fact, the H. Winter Metal building is at 3321 South Pulaski. Furthermore, the court notes that the city immediately investigated the accident and took photographs of the truck still imbedded in the building.

■ The above-cited case law demonstrates that an inaccurate or incomplete description of the place or location of the accident plus actual notice by the city of the location satisfy the notice requirement of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) This interpretation is all the more applicable in this case where the city actually did investigate the accident and had on-site photographs in its file.

Accordingly, this court reverses the decision of the trial court granting summary judgment in defendants' favor and remands the cause to the trial court for further proceedings on plaintiff's complaint.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.