(No. 45724.—

ANNA REPASKEY, Appellant, v. CHICAGO TRANSIT AUTHORITY, Appellee.

*Opinion filed March 24, 1975.*

Paulson & Ketchum and James R. Madler, of Chicago (William J. Harte, of counsel), for appellant.

John J. Devine, Jerome F. Dixon, Francis J. Mullin, John J. O'Toole, and Richard T. Ryan, all of Chicago, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Anna Repaskey, commenced this action against the Chicago Transit Authority and Midland Elevator Company, which was alleged to have a contract with the C.T.A. to maintain its escalators. The circuit court of Cook County dismissed the action against the C.T.A. and thereafter found the issues in favor of Midland Elevator Company. The plaintiff appealed from the judgment dismissing the action against the C.T.A., and the Appellate Court, First District, affirmed (9 Ill. App. 3d 897). We allowed leave to appeal.

The action was dismissed on the ground that the plaintiff had failed to give, within six months after the accident, the notice required by section 41 of the Metropolitan Transit Authority Act, which provides:

> "No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Attorney for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." Ill. Rev. Stat. 1965, ch. 111 2/3, par. 341.

The plaintiff fell on her right knee in July of 1966 when her shoe caught in an escalator as she was leaving the subway. She walked to her place of employment, and upon the advice of her employer went to the C.T.A. office a few hours after her accident. There she spoke with Howard J. Clark, an adjuster in the claim department, who took a sworn written statement from her describing the accident and then told her she could go home, saying, "We'll take care of you." The plaintiff, however, insisted upon being examined by a C.T.A. doctor, so Clark sent her to a doctor whose offices were on the same floor. She testified that after the doctor had X-rayed her knee, Clark told her not to worry about anything, that the C.T.A. would let her know.

When she did not hear from the C.T.A. she telephoned Clark, who advised her to be patient and wait because there were many other cases ahead of hers, saying: "I told you not to worry. The minute we take care of this case we'll send someone to your home. We'll take care of you. Just go see the doctor." The plaintiff said that she called Clark again in December and in January and was reassured by him that the C.T.A. would "take care of everything."

Howard J. Clark, called as a witness by the plaintiff, testified that he could recall neither the initial meeting nor any subsequent conversations with the plaintiff. His signatures as both witness and notary do, however, appear on the sworn statement given by the plaintiff to the C.T.A.

Although the plaintiff admits that she did not give the notice that is required by the statute, she argues that she did "substantially comply" with the statute when she gave the necessary information to Clark. In our opinion the trial and appellate courts properly rejected this contention, which is based upon our decisions in *Reynolds v. City of Tuscola* (1971), 48 Ill.2d 339, and *Helle v. Brush* (1973), 53 Ill.2d 405. In the first of these cases, a majority of the court held that proof of notice by registered mail, established by return receipt, satisfied the requirement of a

similar statute that notice be personally served. The decision turned in part upon the ambiguity in the language of the statute and in part upon the fact that the notice by registered mail was received in the office designated by statute and included all of the information required by the statute. That the opinion in the *Reynolds* case was not intended to overrule the many decisions holding that actual notice to an agent does not satisfy the statutory requirement is apparent from what was said in *Housewright v. City of LaHarpe* (1972), 51 Ill.2d 357:

> "Plaintiffs seek to avoid the effect of section 8—103 by alleging facts that show the defendant city had actual notice of the occurrence, of the damage to the plaintiff partnership's vehicle and the individual plaintiff's personal injuries, and of all the information which section 8—102 provides must be contained in the notice. Section 8—102 is unambiguous and clearly expresses the legislative intent that a local public entity be given certain information, in writing, within the time provided, and we hold that the allegation of actual notice does not satisfy the statutory requirement of written notice." 51 Ill.2d 357, 361.

The second decision emphasized by the plaintiff, *Helle v. Brush,* arose out of an accident in which Helle, who was highway commissioner for a road district, a public entity, was involved. More than six months after the accident, Helle sued Brush, the other party to the accident, for property damage. When Brush counterclaimed for personal injuries his counterclaim was dismissed because he had not filed the six months' notice required by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, pars. 8—102, 8—103). This court concluded that the legislative policy expressed in section 17 of the Limitations Act (Ill. Rev. Stat. 1967, ch. 83, par. 18), which provides that the bar of a statute of limitations does not preclude a counterclaim, also applies

to the statutory six-month notice. And the court therefore held that in an action commenced by the local public entity against the defendant, service of the statutory notice is not a prerequisite to the filing of a counterclaim arising from the same occurrence.

The decisions relied upon by the plaintiff do not support the proposition that the conduct of an employee can operate generally to eliminate the requirement of notice which the General Assembly has prescribed. The judgment of the appellate court is affirmed.

*Judgment affirmed.*