THE PEOPLE ex rel. THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant, v. THE CITY OF CHICAGO et al., Defendants-Appellees.

First District (5th Division) No. 61318

Opinion filed February 27, 1976.

William J. Scott, Attorney General, of Chicago (Patricia Rosen and Paul V. Esposito, Assistant Attorneys General, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This appeal arises from the dismissal of plaintiff's action because of its failure to comply with the statutory notice requirement of the Local Governmental and Governmental Employee's Tort Immunity Act. (Ill. Rev. Stat. 1971, ch. 85, par. 8—102.) Plaintiff contends that (1) the State, acting in its sovereign capacity, is not a "person" within the meaning of the Act, and (2) even if it is subject to the provisions of the Act, it substantially complied with the notice requirements.

Plaintiff initially filed its complaint on September 26, 1973. It subsequently filed a third amended complaint which alleged that defendant Edmund Eppig, an employee of defendant City of Chicago, on or about March 20, 1972, while acting within the scope of his employment, was involved in an automobile accident on the Stevenson Expressway in which a light pole was damaged. The complaint further alleged that at the time of the collision, Eppig was operating his car in a negligent manner. The sum of $1,286.87 in damages was requested.

Attached to the complaint as an exhibit was a series of eight letters from plaintiff to the City's Committee on Finance regarding the collision. The first of these letters was dated May 9, 1972. Essentially these letters stated that on March 20, 1972, a vehicle owned and operated by defendant City was involved in an accident which resulted in damage to plaintiff's property on the eastbound Stevenson Expressway at 6700 west. An itemized bill was attached to one of the letters. All correspondence made clear that plaintiff desired reimbursement for the damage to its property.

Included in the exhibit was the response of defendant City to this correspondence, a letter dated March 9, 1973, which stated in part:

"The Committee on Finance is not in a position to pass on the above claim.

We feel this should either be settled by your insurance company or the courts."

Defendants moved to dismiss the complaint on the ground that plaintiff failed to give them notice of its intent to bring suit within six months of the accident as required by section 8—102. In a memorandum in opposition to defendants' motion to dismiss, plaintiff contended *inter alia* that it was not a person within the meaning of section 8—102 and, moreover, that it has substantially complied with the notice requirements of the statute. In its written order the trial court expressly rejected these contentions and granted defendants' motion.

714

OPINION

Section 8—102 provides:

"Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." *

Plaintiff initially contends that it is not a person within the meaning of the Act. Plaintiff argues that under generally accepted rules of statutory construction, the word "person" is understood to denote a natural person, and the word will be taken in that sense unless, from the context in which it is used, it appears that artificial persons are to be embraced. (*People v. McGreal,* 4 Ill. App. 3d 312, 320-21, 278 N.E.2d 504.) Thus, plaintiff argues, unless defendants can show that the State was intended to be included within the meaning of "person" in section 8—102, it should not be required to comply with the terms of the Act. We disagree.

■■■ It has been recognized that the State, as sovereign, can "be considered to be a natural person." (*County of Champaign v. Anthony,* 33 Ill. App. 3d 466, 468, 337 N.E.2d 87.) Moreover, it is well established that when the State brings an action to recover for damages to property, it stands in the same position as to rights and remedies as any other litigant. (*Department of Public Works & Buildings v. Decatur Seaway Motor Express Co.,* 5 Ill. App. 3d 28, 282 N.E.2d 517.) It is not exempt from the rules applicable to ordinary suitors but must establish its case and its right to the peculiar relief sought by it. (*People v. Condon,* 102 Ill. App. 449.) In view of these precepts we can see no reason predicated on a construction of the word "person" as used in section 8—102

---

* We note that this provision has been amended to allow a one-year period in which to file a notice of injury. See Ill. Rev. Stat. 1973, ch. 85, par. 8—102.

or dictated by public policy considerations for exempting the State from the notice requirements in actions brought against local public entities.

Plaintiff also contends that it has substantially complied with section 8—102 and therefore defendants are estopped from asserting that it had not complied with the statute. It points to the fact that through a series of letters to the Committee on Finance of the Council of defendant City, it gave "notice of all the relevant essentials involved in the accident."

■■ We believe the Supreme Court's recent holding in *Repaskey v. Chicago Transit Authority*, 60 Ill. 2d 185, 326 N.E.2d 771, to be dispositive of this issue. In *Repaskey* the plaintiff's personal injury complaint was dismissed for failure to comply with the notice provision of section 41 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1965, ch. 111⅔, par. 341) which is almost identical to that of section 8—102. On appeal the plaintiff contended that she substantially complied with the notice provision and therefore the dismissal of her complaint was improper. She pointed out that immediately after being injured on an escalator leading from a subway platform, she contacted an adjuster in the C.T.A.'s claim department. The adjuster took a sworn written statement from her describing the accident and referred her to a C.T.A. physician. In addition, she claimed that during the ensuing weeks she again contacted the adjuster who assured her that "[w]e'll take care of you." The court held that actual notice of the occurrence was not sufficient to eliminate the statutory requirement of written notice prescribed by the General Assembly. See also *Housewright v. City of LaHarpe*, 51 Ill. 2d 357, 282 N.E.2d 437.

Clearly, if the actions of Mrs. Repaskey were deemed inadequate to meet the stringent requirements of written notice, those of plaintiff in the case at bar cannot be held sufficient.

We note that even after plaintiff was informed by the Committee on Finance that its claim "should either be settled by your insurance company or the courts," plaintiff still made no attempt to serve written notice of defendant city's clerk. Moreover, in none of its letters to the Committee on Finance did plaintiff supply all of the information required by section 8—102.

The judgment dismissing plaintiff's complaint is affirmed.

Affirmed.

BARRETT and SULLIVAN, JJ., concur.