NANNIE IVY, Adm'r of the Estate of Opail Ivy, a Minor, Deceased, Plaintiff-Appellant, *v.* HEALTH & HOSPITALS GOVERNING COMMISSION OF COOK COUNTY, incorrectly sued as COOK COUNTY HOSPITAL, a not-for-profit corporation, Defendant-Appellee.

First District (1st Division)   No. 76-250

Opinion filed February 7, 1977.

Barry L. Gordon & Associates, of Chicago (Barry L. Gordon and George W. Sohl, of counsel), for appellant.

Winston & Strawn, of Chicago (Calvin Sawyier, Richard J. Brennan and Danae Prousis, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an action for injuries resulting in wrongful death. The original complaint was filed August 15, 1972, and named a single defendant, Chicago Transit Authority. Notice of plaintiff's intent to commence this action was received by Chicago Transit Authority on January 24, 1972. The complaint alleged that on August 23, 1971, plaintiff's decedent, a 15-year-old girl, fell from an elevated train ("EL") structure and that the injuries she received were the proximate result of defendant's negligence and proximately caused her death on January 14, 1972.

On March 14, 1972, plaintiff and defendant, Chicago Transit Authority, were served, pursuant to the provisions of the Hospital Liens Act (Ill. Rev. Stat. 1971, ch. 82, pars. 97-101), with a notice of lien from the Health & Hospitals Governing Commission of Cook County, which operates Cook County Hospital. Attached to the notice was a statement of the amount of a claim for services rendered to plaintiff's decedent during her treatment from August 31, 1971, through September 17, 1971.

On April 30, 1973, plaintiff filed an amended complaint which in Count II named Cook County Hospital as an additional defendant. This count charged the hospital with failing to diagnose a linear fracture of the ethmoidal sinus portion of the skull, which allegedly contributed to the young girl's death from meningitis on January 14, 1972, four months after her discharge from Cook County Hospital on September 17, 1971.

The Health and Hospitals Governing Commission of Cook County, the operator of Cook County Hospital, answered Count II, denying its allegations and pleading as an additional defense plaintiff's failure to comply with the notice and filing requirements of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 1—101 *et seq.*). The Commission also moved to dismiss Count II for failure of plaintiff to serve the statutory notice. The trial court granted the motion and plaintiff appealed.

At the time the amended complaint against the Commission was filed, the applicable statute provided a six-month period for filing notice of contemplated suit and a one-year limitation period for filing suit. Ill. Rev. Stat. 1971, ch. 85, pars. 8—101, 8—102; see *People ex rel. Department of Transportation v. City of Chicago* (1976), 36 Ill. App. 3d 712, 344 N.E.2d 688.

Plaintiff contends that defendant, Health and Hospitals Governing Commission of Cook County, waived the notice requirements prescribed in the Local Governmental and Governmental Employees Tort Immunity Act by the filing of the lien for the services rendered to plaintiff's decedent during her treatment from August 31, 1971, through September 17, 1971. Plaintiff relies upon *Helle v. Brush* (1973), 53 Ill. 2d 405, 292 N.E.2d 372, as support for this position.

The sole issue in *Helle* was (53 Ill. 2d 405, 406):

" * * * [W]hether a timely counterclaim may be filed by the defendant, Billy G. Brush, against the plaintiff and counterdefendant, Lloyd C. Helle, Highway Commissioner for Lee Township Road District, a public entity, under the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, par. 8—102), when the underlying suit and counterclaim arise from the same occurrence. * * *"

The Supreme Court held (53 Ill. 2d 405, 409):

" * * * We construe the limitation of section 8—102 to apply only to those cases where the initial action is in fact commenced by any person against a local public entity, and we hold that in an action commenced by the local entity against the defendant, the serving of the notice required by this section is not a requisite to the filing of a counterclaim arising from the same occurrence."

In the case at bar, the Commission, a public entity, had not commenced an action against plaintiff. The lien which the Commission filed was limited by statute (Ill. Rev. Stat. 1971, ch. 82, par. 97) to one-third of the sum paid or due plaintiff upon the resolution of the action initially commenced by plaintiff against the Chicago Transit Authority. The filing of such a lien by the Commission did not constitute the commencement by it of a legal action.

■■ Further, while it is true that a local public entity may waive the immunity and limitation defenses provided by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, pars. 8—101, 8—102; *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 282 N.E.2d 437), the filing by it of a lien upon plaintiff's claim or cause of action does not constitute a waiver.

■■ Plaintiff's contention that the Commission waived its right to timely notice by failing to purchase liability insurance is without merit. (*Fanio v. John W. Breslin Co.* (1972), 51 Ill. 2d 366, 282 N.E.2d 443.) Further, plaintiff's reliance upon *Meisenheimer v. City of Chester* (1973), 15 Ill. App. 3d 1088, 305 N.E.2d 322, is misplaced, because in that case timely notice was given. The issue there was whether the form of the notice was sufficient. (See also *Repaskey v. Chicago Transit Authority*

(1975), 60 Ill. 2d 185, 326 N.E.2d 771.) In the case at bar, no notice was given.

■■ The trial court properly dismissed Count II of plaintiff's amended complaint. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BUA, J., concur.