**Anthony PRESTON, Dale Preston, Benjamin Kinard and Mary Kinard, Plaintiffs,**

v.

**CITY OF YORK, John Krout, Mayor, Wayne Ruppert, Commissioner of Police, John A. MacDonald, Douglas Meisenhelter, William E. Smith, William Gross and John Crisamore, Individually and as Policemen, Defendants.**

Civ. A. No. 77–422.

United States District Court,
M. D. Pennsylvania.

May 22, 1978.

---

James W. Harris, York, Pa., for plaintiffs.

Edward Roberts, Kain, Brown, Roberts & Woodbury, York, Pa., for the city of York.

Joseph W. Moyer, York, Pa., for city of York and John D. Krout.

Edward Knauss, III, Harrisburg, Pa., for all defendants except J. D. Krout.

Wentworth D. Veddar, York, Pa., for John D. Krout.

HERMAN, District Judge.

## MEMORANDUM

In this civil rights suit Plaintiffs, black residents of the city of York, Pennsylvania ("City"), allege racially motivated abuse by city police officers. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343, with claims being asserted under 42 U.S.C. §§ 1981, 1983 and 1985.

Police Commissioner Ruppert and the individual policemen filed an answer to the original complaint, while Mayor Krout and the city filed motions to dismiss pursuant to Fed.R.Civ.P. 12. In a memorandum and order dated July 11, 1977, we concluded that a cause of action could be stated against either the mayor or the city under 42 U.S.C. § 1981, and against the mayor only under 42 U.S.C. §§ 1983 and 1985(3). However, we found the complaint fatally lacking in specificity, and pursuant to *Rotolo v. Charleroi*, 532 F.2d 920 (3d Cir. 1976), directed the filing of an amended complaint specifically alleging the manner in which Plaintiffs' rights have been violated by these Defendants. An amended complaint was filed on August 1, 1977.

The City and Mayor Krout have moved to dismiss the amended complaint on the same grounds originally asserted. In addition, Commissioner Ruppert, who had answered the original complaint, has moved to dismiss the amended complaint. The individual officers have answered the amended complaint.

Shortly after we issued our first memorandum in this case, the Court of Appeals for the Third Circuit decided *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977), a case involving allegations nearly identical to those made here. In *Mahone* it was held that a municipality can be held liable, under 42 U.S.C. § 1981, on a *respondeat superior* basis, for the racially motivated misconduct of its police officers. Thus, our former holding that no claim can be asserted against the City merely on the basis of *respondeat superior* is not now a correct statement of the law in this Circuit. We now conclude that, if Plaintiffs can prove their case against the police officers, the City can be held vicariously liable. The City's motion to dismiss will therefore be denied.

The position of defendants Krout and Ruppert is not changed by the *Mahone* decision. The law in this Circuit has been, and still is, that municipal officers cannot be held vicariously liable for the constitutional misdeeds of their subordinates. Liability can only be imposed on these officers if they participated in the wrongful acts, or knew or should have known that the wrongful acts were taking place and acquiesced therein. *Patzig v. O'Neill* (3d Cir. April 17, 1978), 577 F.2d 841 at 851 n.12; *Fisher v. Volz*, 496 F.2d 333 (3d Cir. 1974).

We conclude that the amended complaint fails to adequately allege personal involvement of Defendants Krout and Ruppert in the acts complained of. There is no claim that these Defendants ordered, knew of, or acquiesced in the events in question; there is only a conclusory allegation that they knew of a pattern of racist behavior by city police but failed to restrain or discipline those responsible. To be minimally adequate under the rule of *Rotolo, supra*, the amended complaint should refer to specific incidents which go to establish this alleged pattern of racist behavior and state some factual basis upon which knowledge of such incidents could be attributed to Defendants Krout and Ruppert.

Plaintiffs have been given one opportunity to plead specific facts connecting Defendants Krout and Ruppert with the alleged violations of their rights but have not done so. Thus we conclude that Plaintiffs are unable to state a cause of action against Krout and Ruppert, and will dismiss the claims against these Defendants.

Plaintiffs also invoke the Court's pendant jurisdiction over state law claims for negligence, assault and battery, false arrest, false imprisonment, libel and slander. Since we have concluded that there is no federal claim against Defendants Krout and Ruppert we have no basis of entertaining pendant claims against them. We will, however, accept pendant jurisdiction of the state law claims against the other Defendants. *See Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Gagliardi v. Flint*, 564 F.2d 112 (3d Cir. 1977).