PETER SHORTT, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—2661

Opinion filed September 2, 1987.

934

Joseph V. Roddy and Michael John Madden, both of Chicago, for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joanne Simboli Hodge, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

This case involves interpretation of the Local Governmental and Governmental Employees Tort Immunity Act (the Act). (Ill. Rev. Stat. 1979, ch. 85, par. 1—101 et seq.) Plaintiff Peter Shortt alleged in his complaint that on August 7, 1979, defendant Daniel Joyce, an employee of defendant city of Chicago (the city), drove a Chicago police car into Shortt while Shortt was crossing a street. On December 19, 1979, Shortt sent notice of his intent to sue the city of Chicago to the corporation counsel's office. He filed his complaint on June 12, 1981, and both parties conducted discovery for five years. Defendants then moved to dismiss the suit on grounds that plaintiff did not send notice of intent to sue to the city clerk. The trial court granted the motion and plaintiff appeals.

Plaintiff contends that he substantially complied with the statutory notice requirement. The Act provides:

"Within 1 year from the date that the injury or cause of action *** was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees ***, must serve *** a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated ***." (Ill. Rev. Stat. 1979, ch. 85, par. 8—102.)

Section 8—103 of the Act provides that any action against a city or its employees "shall be dismissed" if the notice required "under Section 8—102 is not served as provided therein." Ill. Rev. Stat. 1979,

ch. 85, par. 8—103.

In *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 323 N.E.2d 832, this court, after reviewing cases which have construed section 8—102, set forth the standard for substantial compliance with the notice requirement:

> "The statute is strictly construed to require that the written notice must contain each of the essential elements therein set forth. A notice which completely omits one or more of the essential elements is insufficient. On the other hand, the statute is to be liberally construed with respect to the sufficiency of the elements as set forth in the written notice. Where the particular element as set forth is reasonably sufficient to fulfill the requirements of the statute and where the public entity has not been misled or prejudiced thereby, the notice itself is sufficient." 25 Ill. App. 3d 684, 692, 323 N.E.2d 832.

Plaintiff in the instant case entirely omitted one of the essential elements: he never sent notice to the city clerk. Notice to corporation counsel does not constitute notice to the city clerk. (*Cain v. City of Chicago* (N.D. Ill. 1985), 619 F. Supp. 1228, 1230-32; see *People ex rel. Department of Transportation v. City of Chicago* (1976), 36 Ill. App. 3d 712, 713, 715, 344 N.E.2d 688.) Plaintiff claims that the city had actual notice of his intention to sue. However, Illinois courts have repeatedly held that actual notice is insufficient to satisfy the statutory notice requirement. *Repaskey v. Chicago Transit Authority* (1975), 60 Ill. 2d 185, 188, 326 N.E.2d 771; *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 361, 282 N.E.2d 437.

■ Plaintiff cites *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415, to the contrary. In that case our supreme court held that service of notice by registered mail was adequate to meet the requirement that notice be "personally serve[d]." (Ill. Rev. Stat. 1969, ch. 85, par. 8—102; *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 343, 270 N.E.2d 415.) Although the court stated that the Act must be strictly construed against the governmental body seeking immunity (48 Ill. 2d 339, 342, 270 N.E.2d 415), the court did not sanction a reading of the statute which would eliminate the requirement of notice sent to the proper official. (*Repaskey v. Chicago Transit Authority* (1975), 60 Ill. 2d 185, 188, 326 N.E.2d 771.) Plaintiff cites no case in which a plaintiff who failed to send notice to the city clerk or file suit within the statutory period for filing notice was held to have substantially complied with the Act's notice requirements. We find that the notice plaintiff sent to the corporation counsel's office does not constitute substantial compliance with section 8—102.

■■ ■ Plaintiff argues that the city should be estopped from contesting the sufficiency of notice because of the extensive discovery and settlement negotiations in which the parties participated over the past five years. Although a municipality may be estopped from asserting that notice under the Act was not properly filed (*Dunbar v. Reiser* (1975), 26 Ill. App. 3d 708, 711, 325 N.E.2d 440, *aff'd* (1976), 64 Ill. 2d 230, 356 N.E.2d 89), estoppel must be based on "words or conduct which either misrepresent or conceal material facts with the intent or expectation it will be relied upon." (*Keivman v. Edward Hospital* (1985), 135 Ill. App. 3d 442, 446, 481 N.E.2d 909.) Plaintiff asks us to find the city estopped on the basis of its conduct after the complaint was filed in June 1981, more than 10 months after the expiration of the statutory notice period. Plaintiff could not have relied on any such conduct when it failed to file notice with the city clerk before September 1980, and therefore we find that the city is not estopped from objecting to improper notice in this case. *Cf. Dunbar v. Reiser* (1975), 26 Ill. App. 3d 708, 325 N.E.2d 440.

■ Plaintiff also contends that the city waived its objection to the inadequate notice when it filed a general appearance and an answer. A municipality may by its actions waive the Act's notice requirements. (*Ivy v. Health & Hospitals Governing Com.* (1977), 45 Ill. App. 3d 958, 960, 360 N.E.2d 501.) When a party files a general appearance and answer, that party waives objections to the court's jurisdiction and to defects in the service of process. (*Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 806, 480 N.E.2d 1312; *LaMotte v. Constantine* (1980), 92 Ill. App. 3d 216, 218, 416 N.E.2d 23.) However, the mere filing of a general appearance and answer does not constitute waiver of the Act's notice provisions. (*Panko v. County of Cook* (1976), 42 Ill. App. 3d 912, 917, 356 N.E.2d 859.) In *Panko* this court held that the county did not waive the notice requirement of section 8—102 where "plaintiff did not file his suit until after the six-month notice of injury term had already expired" (42 Ill. App. 3d 912, 917, 356 N.E.2d 859) and the county raised the issue of inadequate notice in the trial court. Similarly we hold that the city did not by its actions herein waive its right to assert the statutory notice requirement.

Finally, plaintiff argues that the statutory requirement of notice served on the city clerk is an "anachronism" which should not be grounds for dismissal. Plaintiff presented evidence to show that the city does not consider these notices in its budgetary planning, contrary to the policy which supports the notice requirement. (*King v. Johnson* (1970), 47 Ill. 2d 247, 251, 265 N.E.2d 874.) This argument

should properly be addressed to the legislature. Until the law is changed it is our duty to give it effect. *Droste v. Kerner* (1966), 34 Ill. 2d 495, 503-04, 217 N.E.2d 73, *appeal dismissed, cert. denied* (1967), 385 U.S. 456, 17 L. Ed. 2d 509, 87 S. Ct. 612.

For the reasons stated above, the judgment of the trial court granting the city's motion to dismiss is affirmed.

Affirmed.

McNAMARA, P.J., and FREEMAN, J., concur.