JOHN J. JINDRA *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee (Roger Forte *et al.*, Defendants).

First District (1st Division)   No. 1—88—3301

Opinion filed December 29, 1989.

Richard L. Lucas & Associates, Ltd., of Addison (Richard L. Lucas and William E. Hale, of counsel), for appellants.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order dismissing counts I and III of plaintiffs' first amended complaint for failure to satisfy the conditions for suit against a municipality pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1985, ch. 85, par. 8—102). We affirm.

Plaintiffs, John J. Jindra, Daniel J. Rodriguez and Mohammed Patel, filed the instant suit on September 28, 1986, alleging, *inter alia*, the violation of their civil rights by certain police officers.

The City of Chicago moved to dismiss counts I and III, the only

counts at issue here, based on plaintiffs' failure to serve timely written notices of injury upon the clerk of the City of Chicago (the clerk) as to plaintiffs Jindra and Rodriguez and that no notice was ever served on behalf of plaintiff Patel, as required by section 8—102 (Ill. Rev. Stat. 1985, ch. 85, par 8—102).

Plaintiffs contend that the required notices of injury for each plaintiff were personally served on both the clerk and the corporation counsel for the City of Chicago (corporation counsel) on November 6, 1985, by Daniel K. Tracy, and affidavits of personal service were signed by Tracy and notarized. The city contends that the notices of injury for Jindra and Rodriguez were served on November 12, 1985, four days after the statutory period had elapsed.

At an evidentiary hearing on June 9, 1987, the city produced the original notices served by plaintiffs Jindra and Rodriguez at the city clerk's office. They were time stamped November 12, 1985, 11:20 a.m. The city also produced Mary Frances Meyer, a licensed investigator for the city, whose job is to accept and stamp personal injury notices at the office of the city clerk and to maintain the records of those notices. Ms. Meyer testified that no notice had ever been received from plaintiff Patel and that under the procedures followed by her office, notices are stamped immediately upon filing. Ms. Meyer acknowledged that she was not present when Tracy delivered the notices of injury.

Daniel G. Tracy testified for plaintiffs, stating that notices had been filed with both the city clerk and the corporation counsel for all three plaintiffs on November 6, 1985, which was within the statutory time period, and that the notices delivered to the corporation counsel's office were stamped November 6, 1985. Tracy further stated that on November 6, 1985, he signed affidavits attesting to service of the documents; that the documents and affidavits were served on the city clerk and the corporation counsel and that he did not ask for any stamped copies back.

The trial court ruled that plaintiffs had failed to prove that they had filed notices with the clerk in timely fashion and granted the city's motion to dismiss counts I and III with prejudice. Plaintiffs now bring this appeal.

The sole issue on appeal is whether the trial court's finding that plaintiffs' notices to the city clerk were not served by November 8, 1985, one year after plaintiffs' alleged injury, was contrary to the manifest weight of the evidence.

Section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 8—

102) provides in pertinent part:

> "Within 1 year from the date that the injury or cause of action *** was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees *** must serve *** a written notice on the Secretary or Clerk *** for the entity against whom or against whose employee the action is contemplated ***."

Plaintiffs here contend that the trial court erred in failing to accord due weight to the testimony and evidence which they produced. Plaintiffs cite *People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 85-86, 430 N.E.2d 1126, in which the court held that uncontradicted and unimpeached testimony in a record may not be disregarded by a trier of fact and a claimant need not negate all possible inferences which might be drawn from the evidence. Plaintiffs further rely on *Effler v. Metzger* (1975), 29 Ill. App. 3d 55, 59, 329 N.E.2d 327, for the rule that where witnesses are equally credible, and one has testified positively to a fact and the other's evidence is negative, the positive testimony is entitled to greater weight.

■ On appeal, all reasonable presumptions must be made in favor of the trial court's action. (*Behrstock v. Ace Hose & Rubber Co.* (1986), 147 Ill. App. 3d 76, 86, 496 N.E.2d 1024.) As a reviewing court, we cannot disregard a trial court's findings of fact unless they are against the manifest weight of the evidence (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624), and the mere existence of enough evidence to support a contrary judgment does not mean that a trial court's decision is against the manifest weight of the evidence. Rather, the evidence on behalf of the party bringing the appeal "must be so strong and convincing as to completely overcome the evidence and presumptions, if any, existing in favor of the opposite party." *People ex rel. Lauth v. Wilmington Coal Co.* (1949), 402 Ill. 161, 167, 83 N.E.2d 741.

This court also must rely upon the trial court's determinations regarding the credibility of testimony. (*Blue v. St. Clair Country Club* (1955), 7 Ill. 2d 359, 363, 131 N.E.2d 31.) We may not overturn a judgment solely because this court would have reached a different conclusion. *Schulenberg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624.

■ The plaintiffs' evidence consisted of testimony and affidavits of Mr. Tracy, who claims to have delivered the injury notices for all three plaintiffs to both the city clerk and the corporation counsel's office on November 6, 1985. While the record contains notices filed

with the corporation counsel on behalf of Jindra and Rodriguez, and date stamped November 6, 1985, it does not contain any injury notice filed on behalf of Patel either at the clerk's office or with the corporation counsel. However, even if all three notices had been timely filed with the corporation counsel, this court recently held that notice to the corporation counsel does not constitute notice to the city clerk. *Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 935, 514 N.E.2d 3.

The plaintiff in *Shortt* was injured on August 7, 1979. On December 19, 1979, he sent notice of his intent to sue the City of Chicago to the corporation counsel's office. Plaintiff filed suit on June 12, 1981, and sometime thereafter, defendants moved to dismiss on the grounds that plaintiff had failed to send notice of intent to sue to the city clerk. In affirming the dismissal, the appellate court noted that section 8—102 is to be strictly construed with respect to the essential elements of notice, one of which is notice to the city clerk. (*Shortt,* 160 Ill. App. 3d at 935.) The court also rejected plaintiff's argument that the city had actual notice, citing authority that "actual notice is insufficient to satisfy the statutory notice requirement." 160 Ill. App. 3d at 935. See, *e.g., Repaskey v. Chicago Transit Authority* (1975), 60 Ill. 2d 185, 188, 326 N.E.2d 771; *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 361, 282 N.E.2d 437.

The city introduced the original injury notices for plaintiffs Jindra and Rodriguez, which were time stamped November 12, 1985, 11:20 a.m. Defendants also introduced the testimony of Ms. Meyer, who testified that no injury notice had ever been served for plaintiff Patel and that she personally accepts and stamps all injury notices brought into the clerk's office except when she is at lunch. She also stated that the invariable procedure of her office is to stamp the copies, retain one, and return any additional copies to the individual filing the papers.

The question of credibility was resolved by the trial court in favor of the defendant city following a lengthy hearing, and there is no basis, in light of the city's evidence, for finding that the trial court's determination was contrary to the manifest weight of the evidence. *People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E. 2d 1126, cited by plaintiffs, is not authority for plaintiffs' theory that Mr. Tracy's testimony should prevail over that of Ms. Meyer's because he testified that something had occurred and she testified that it did not. The relevant holding in *Brown* is that a fact finder "may not make an affirmative finding that the exact opposite of a [witness'] testimony is true if there is no evidence to support such a find-

ing." (*Brown*, 88 Ill. 2d at 86.) As noted above, the city produced sufficient testimony, including the documents themselves, to support the finding of the trial court.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.