Doyle v. Hoyle                              CV-92-244-SD  07/20/95
                 UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Diana F. Doyle, individually
 and as Trustee of DB Realty Trust


                v.                              Civil No. 92-244-SD


Wayne Hoyle;
Hoyle Insurance, Inc.



                              O R D E R


     By order of this court dated March 14, 1995, the parties to

this action were given an additional 30 days to depose defendant

Wayne Hoyle and file supplemental memoranda on the limited

question of whether defendant Hoyle Insurance Agency's corporate

form should be disregarded due to undercapitalization.  The court

has received the parties' supplemental memoranda and turns now to

that question.

     In arguing that Hoyle Insurance Agency's corporate veil

should be pierced and that Wayne Hoyle should be held personally

liable for breach of contract and warranty because of the

undercapitalization of Hoyle Insurance Agency, plaintiff asserts

that Massachusetts law should apply since the agency is a

Massachusetts corporation.  As defendants do not dispute this contention, the court will apply Massachusetts law.[1]

"The principle of limited liability is a pillar of corporate law."  United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1091 (1st Cir. 1992) (citing DeBreceni v. Graf Bros. Leasing, Inc., 828 F.2d 877, 879 (1st Cir. 1987), cert. denied, 484 U.S. 1064 (1988)).

> Limited liability allows individuals to take a calculated risk when they engage in the investment and entrepreneurial ventures central to a capitalist economy.  If the venture fails, corporate shareholders lose only their interest in the corporation, not their homes or life savings.  Of course, the principle of limited liability has itself been limited by the common law doctrine which permits the piercing of the corporate veil . . . .

DeBreceni, supra, 828 F.2d at 879.

Massachusetts courts "will pierce the corporate veil only 'in rare particular situations in order to prevent gross inequity.'"  Gurry v. Cumberland Farms, Inc., 550 N.E.2d 127, 134 (Mass. 1990) (quoting My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E.2d 748, 752 (Mass. 1968)).  See also Gordon Chem.

---

[1]Although the court is applying Massachusetts law here, it notes that the law of New Hampshire is in accord with that of Massachusetts in this area.  Accordingly, the outcome reached herein is the same one the court would have reached had New Hampshire law been applied.

<u>Co. v. Aetna Cas. & Surety Co.</u>, 266 N.E.2d 653, 657 (Mass. 1971)

("'It is only where the corporation is a sham, or is used to

perpetrate deception to defeat a public policy, that it can be

disregarded.'") (quoting <u>New England Theatres, Inc. v. Olympia</u>

<u>Theatres, Inc.</u>, 192 N.E. 93, 97 (1934)).  In deciding whether to

disregard the corporate form, Massachusetts courts weigh the

following factors:

>(1) common ownership; (2) pervasive control;
>(3) confused intermingling of business
>activity assets, or management; (4) thin
>capitalization; (5) nonobservance of
>corporate formalities; (6) absence of
>corporate records; (7) no payment of
>dividends; (8) insolvency at the time of the
>litigated transaction; (9) siphoning away of
>corporate assets by the dominant
>shareholders; (10) nonfunctioning of officers
>and directors; (11) use of the corporation
>for transactions of the dominant
>shareholders; (12) use of the corporation in
>promoting fraud.

<u>Evans v. Multicon Constr. Corp.</u>, 574 N.E.2d 395, 398 (Mass. App.

Ct.) (citing <u>Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc.</u>,

754 F.2d 10, 14-16 (1st Cir. 1985)), <u>review denied</u>, 577 N.E.2d

309 (Mass. 1991).  The only factor at issue here is whether Hoyle

Insurance Agency has been inadequately capitalized.

"'Inadequate capitalization' means capitalization very small

in relation to the nature of the business of the corporation and

the risks the business necessarily entails."  1 WILLIAM M. FLETCHER,

3

FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 44.1, at 812

(perm. ed. rev. vol. 1990) (hereinafter FLETCHER'S CYCLOPEDIA).

> [I]n regard to that amount of capital that
> constitutes sufficient capitalization, the
> following standard emphasizing economic
> viability rather than an inflexible
> computation of minimal capitalization should
> be used: A corporation is undercapitalized
> when there is an obvious inadequacy of
> capital, measured by the nature and magnitude
> of the corporate undertaking.

Id.

Hoyle Insurance Agency was incorporated in Massachusetts in 1973 for the purpose of "carry[ing] on the business exclusively of an insurance agent, broker or adjuster of fire losses." Articles of Organization (Plaintiff's Exhibit C). The agency has been operating continuously since that time and, according to its accountant, "has never filed bankruptcy, or been declared insolvent in any action in the Commonwealth of Massachusetts, or filed an assignment for the benefit of creditors." Affidavit of Paul Haggerty ¶ 5 (Defendants' Exhibit 1). Further, Hoyle Insurance "is able to meet its current debts in the ordinary course of business as they become due." Id. ¶ 7. Defendant's accountant also opines that "Hoyle Insurance, Inc. is adequately capitalized for the purpose of providing the services required of an insurance agency." Id. ¶ 8.

4

Plaintiff contends that Hoyle Insurance is "grossly undercapitalized" and is "an empty shell."  Plaintiff's Supplemental Memorandum at 4, 6.  In support thereof, plaintiff submits the transcript from the deposition of defendant Wayne Hoyle.  Hoyle states that the agency's assets include personal computers and related peripherals, office furniture and equipment, a car with a market value of $3,000, and a client list.  Deposition of Wayne Hoyle, Sr., at 59-61 (Plaintiff's Exhibit A).

Plaintiff also submits the affidavit and expert's report of Eric G. Gustafson,[2] who opines "that the assets of the Hoyle Agency are not reasonably adequate to meet its prospective liabilities."  Gustafson Affidavit ¶ 5.  Gustafson's opinion is based on his review of Hoyle's deposition testimony, including his testimony regarding the agency's assets and the fact that the agency did not carry errors and omissions insurance, and his review of an insurance binder filled out by Hoyle for plaintiff's property.  Id. ¶¶ 3-4.  Gustafson states that "[s]ince the binder fails to identify an insurance company, Mr. Hoyle and his agency

---

[2]Gustafson states in his affidavit that he "ha[s] been an insurance agent for 38 years and [is] the chairman of the Blake Insurance Agency, Inc. in Portsmouth, New Hampshire."  Affidavit of Eric G. Gustafson ¶ 2 (Plaintiff's Exhibit B).

5

appear to be the entities issuing the binder and as such, are the insurers of the property identified on the binder." Id. ¶ 4.

As a preliminary matter, the court finds that the evidence before it, including the evidence regarding defendant's failure to name an insurer on an insurance binder covering plaintiff's property, is insufficient to support a finding that Hoyle Insurance Agency was, as plaintiff contends, engaged in the business of insuring risks. Instead, the evidence before the court shows that the agency was in the business of selling insurance as an agent for insurance companies.

The court further finds that the evidence before it is insufficient to support a finding that Hoyle Insurance Agency's capital was inadequate "in relation to the nature of the business of the corporation and the risks of the business necessarily entails." FLETCHER'S CYCLOPEDIA, supra, § 44.1, at 812. Indeed, even plaintiff's own expert states that

> most insurance agencies have relatively small
> amounts of current and fixed assets in excess
> of liabilities on their balance sheets. As a
> practical matter, the real value of an
> insurance agency is generally based on such
> intangible assets as customer lists, renewal
> records, client information and good will,
> all of which is refected [sic] in the "going
> business" value of the agency.

Expert Report of Eric G. Gustafson at 8 (Plaintiff's Exhibit E).

6

Plaintiff also points to Hoyle Insurance Agency's failure to carry errors and omissions liability insurance as a reason why the agency's corporate form should be disregarded. However, plaintiff has not cited, nor has this court uncovered, any authority that supports or even suggests that the failure to carry liability insurance is an indication of undercapitalization or that such a failure, standing alone, warrants a piercing of the corporate veil.

Finally, under Massachusetts law, inadequate capitalization is "a ground frequently relied upon, <u>when taken with other factors</u>, as permitting disregard of a corporate entity." <u>My Bread Baking Co.</u>, <u>supra</u>, 233 N.E.2d at 753 (emphasis added). <u>See also</u> Fletcher's Cyclopedia, <u>supra</u>, § 44.1, at 813 ("while grossly inadequate capitalization is an important factor in determining personal liability of the stockholders, by itself it may not be a sufficient ground for piercing the corporate veil"). Here, there is no evidence of other factors, <u>see</u> <u>supra</u> at 3, to suggest that this is one of those "'rare particular situations'" where the corporate veil should be pierced to "'prevent gross inequity.'" <u>Gurry</u>, <u>supra</u>, 550 N.E.2d at 134 (quoting <u>My Bread Baking Co.</u>, <u>supra</u>, 233 N.E.2d at 752).

For all of these reasons, the court finds that the circumstances presented do not warrant a piercing of Hoyle

Insurance Agency's corporate veil with respect to plaintiff's claims for breach of contract and warranty. Defendant Wayne Hoyle's motion for partial summary judgment (document 14) as to said claims is accordingly granted.

## Related Motions

Also before the court are plaintiff's motion to compel discovery (document 31) and defendants' motion for a protective order (document 36), both of which are related to discovery directed at the undercapitalization issue.

Plaintiff has not requested any extension of time in which to file its supplemental memorandum because of this discovery dispute. Instead, their supplemental memorandum relies in part on the deposition testimony of Wayne Hoyle, which was the subject matter of plaintiff's previous Federal Rule of Civil Procedure 56(f) request. See Order of March 14, 1995, at 8-10. The discovery motions described herein are accordingly denied as moot, with leave to refile if the issues raised therein have not been resolved and remain relevant to this action.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 20, 1995

8

cc:   Edward M. Van Dorn, Jr., Esq.
      Anthony L. Introcaso, Esq.
      Edward P. O'Leary, Esq.